IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA MAY LONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-2828 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                        FEBRUARY 23, 2011

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response and plaintiff's reply thereto (Doc. Nos. 12 & 13), the court makes the following findings and conclusions:

1. On March 7, 2006, Linda May Long, ("Long") filed an application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, ultimately alleging an onset date of March 22, 2005. (Tr. 26-27; 102-03; 106-10). Throughout the administrative process, including an administrative hearing held on February 7, 2008 before an ALJ, Long's claims were denied. (Tr. 9-23; 24-64; 67-71; 72-76). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Long filed her complaint in this court on June 15, 2010. (Tr. 1-4; Doc. No. 3).

2. In his February 29, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Long had severe status post total knee replacement, obesity, chronic renal insufficiency, status post hydrocephalus, shunt, insulin dependent diabetes mellitus with peripheral neuropathy and depression; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform sedentary work involving simple, routine tasks with no pushing or pulling with the lower extremities, no climbing of ladders, ropes or scaffolding, no postural activities, and no more than occasional climbing of stairs; (4) Long could perform work existing in significant numbers in the national economy; and (5) she was not disabled. (Tr. 10 ¶ 3; 12 Findings 3 & 4; 15 Finding 5; 20 ¶ 3 - 21 ¶ 1; 22 Finding 10; 23 Finding 11; 23 ¶2 ).[1]

3. This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Long raises three arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon independent consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. S.S.R. 96-8p requires that, in assessing a claimant's RFC, the ALJ "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before expressing the RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy and very heavy." S.S.R. 96-8p. Long contends that the ALJ violated S.S.R. 96-8p by failing to specifically articulate in his decision her ability to stand, walk, and sit before finding that she could perform a limited range of sedentary work.[2]

    In an unpublished opinion, the Third Circuit considered this very issue and opined that while a written function by function analysis in the ALJ's decision is desirable, it is not required. Bencivengo v. Comm'r, 251 F.3d 153 (Table), 00-1995 slip op. at 4 (3d. Cir. Dec. 19, 2000). The Third Circuit continued by noting that S.S.R. 96-8p contains a section on what the ALJ must include in writing and that there is no requirement "to make specific, written findings on dozens of individual work function categories." Id. at 5. Instead it is only necessary to "articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." Id.

    I agree with the reasoning of the Third Circuit. I also conclude that the ALJ adequately complied with S.S.R. 96-8p by articulating in his decision the evidence supportive of his RFC decision, Long's limitations in her ability to perform work activities, and why certain medical evidence was discounted. (Tr. 17 ¶ 1 - 21 ¶ 2). As a result, Long's argument to the contrary must fail.

    B. Long also argues that the ALJ failed to give her testimony the weight it deserved, especially in light of the corroborating testimony and RFC assessment from the AIDS Care Group project coordinator, Ann Ferguson, RN. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by

---

[2] Sedentary work requires, *inter alia*, the ability to walk and stand no more than two hours and sit six hours out of an eight hour day. S.S.R. 96-8p; 20 C.F.R. §§ 416.967; 404.1567.

2

substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).

In support of her argument, Long, summarizes much of the medical record in an attempt to establish that her testimony regarding her impairments was verified by objective medical evidence. There is no question that the medical evidence establishes that Long has several issues that impair her ability to work. However, it is the ALJ's duty to decide to what extent those medically determinable impairments impede her ability to work. 20 C.F.R. §§ 404.1529, 416.929; S.S.R. 96-7p. In making this determination, the ALJ reviewed Long's testimony and identified certain discrepancies. (Tr. 17 ¶¶ 1-2; 20 ¶ 2). The ALJ also reviewed the medical records and explained why he believed the that evidence supported his credibility assessment. (Tr. 17 ¶ 3 - 18 ¶ 1; 18 ¶ 5 - 19 ¶ 1; 20 ¶ 2). Finally, the ALJ explained why he gave no weight to the assessments of nurse Ferguson and Long's treating psychiatrist which, if credited, would bolster Long's subjective complaints regarding her limitations. (19 ¶ 2 - 20 ¶ 1; 569-72; 760-65). I find that the ALJ adequately discharged his duty to assess the credibility of Long's testimony. Regardless, the VE testified that even giving full credit to Long's hearing testimony, she would still be capable of performing sedentary work. (Tr. 62-63).

Regarding Nurse Ferguson, in addition to the ALJ having properly explained his reasoning for not giving her opinion any weight, I also note that, as a nurse, she is not an acceptable medical source and, in any event, the issue of the RFC assessment is reserved for the Commissioner and even a treating physician's opinion thereon is not entitled to any special significance. 20 C.F.R. §§ 404.1527(e); 416.927(e); S.S.R. 96-5p; S.S.R. 06-03p.

C. Last, Long contends that the ALJ failed to properly include the relevant limitations associated with the alleged peripheral neuropathy in her hands and her need to rest in his RFC assessment. In determining a claimant's RFC and in providing the VE with a hypothetical question, the ALJ is only required to include limitations credibly established by medical evidence and not every limitation alleged. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).

While peripheral neuropathy is found in the record, in almost all cases, it refers to the peripheral neuropathy in Long's lower extremities. There is one medical note referencing neuropathy in Long's hands and another stating that Long complained of numbness and tingling in her hands, but no objective medical evidence of upper extremity peripheral neuropathy. (Tr. 219; 554). Long also testified that she was able to use her hands despite sometimes having pain and noted that one of her hobbies was painting. (Tr. 39; 45). Due to the lack of medical evidence credibly establishing work limiting peripheral neuropathy in Long's hands and her testimony that she can use her hands, I conclude that the decision of the ALJ not to add handling limitations in his RFC assessment was supported by substantial evidence.

In supporting her contention that the ALJ should have included a need for rest in his RFC assessment, Long alleges that she had anemia and points to a notation that her prescribed medications could result in fatigue and drowsiness. (Tr. 760). However, no treating physician noted an abnormal need to rest or significant side effects from medications. In

3

fact, Long testified that she did not have side effects from her medication. (Tr. 38-39). Long did complain at one point that she was always tired, however, there is no evidence that she possesses a need to rest which would limit her ability to do work. (Tr. 604); see 20 C.F.R. §§ 404.1545, 416.945 (providing that an RFC takes into account only limitations that affect what the claimant can do in a work setting). Therefore, the ALJ's decision to omit an alleged need to rest in his RFC assessment was also supported by substantial evidence.

     5.     After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Long was not disabled was legally sufficient and supported by substantial evidence. As a result, Long's request for relief must be denied and the decision must be affirmed.

     An appropriate Order follows.